In the Matter of the Application of the NEW YORK-NEW JERSEY SUPER-POWER CONNECTING CORPORATION, Petitioner, for a Certiorari Order against PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK and Others, Respondents.

Third Department, March 3, 1926.

Corporations — transportation corporations — application for permission to acquire stock of electrical corporation — petitioner was incorporated to carry on business of electrical corporation and also general mercantile business but had not commenced any business at time of application — petitioner is not electrical corporation under Public Service Commission Law, § 2, subd. 13, and cannot be granted power to purchase stock under Public Service Commission Law, § 70 — provisions of Public Service Commission Law, § 70, permitting stock corporations other than gas or electrical corporation to acquire stock are not applicable.

The Public Service Commission acting under section 70 of the Public Service Commission Law properly denied the petitioner the right to acquire the stock of an electrical corporation, since it appears that the petitioner was incorporated to carry on the business of an electrical corporation, and also a general mercantile business, and that at the time of the application it had not commenced any business, for the petitioner is not an electrical corporation within the meaning

of subdivision 13 of section 2 of the Public Service Commission Law, since it was not organized specifically and solely to carry on the business of an electrical corporation and did not, at the time of the application, own, operate or manage an electrical plant; a corporation is not an electrical corporation simply because among many purposes stated in its certificate of incorporation there is included the power to carry on that business.

The provisions of section 70 of the Public Service Commission Law authorizing a stock corporation other than a gas or electrical corporation under certain circumstances to acquire the stock of an electrical corporation, with the consent of the Public Service Commission, do not apply to this case.

CERTIORARI ORDER granted out of the Supreme Court at the Albany Special Term on the 21st day of July, 1925, directed to the Public Service Commission of the State of New York and William A. Prendergast and others, as Commissioners thereof, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in denying the application of the petitioner for authority to acquire capital stock of the Staten Island Edison Corporation.

*Conway, Kellogg & O'Brien* [*Joseph A. Kellogg* of counsel], for the petitioner.

*Charles G. Blakeslee* [*Russell B. Burnside* of counsel], for the respondents.

COCHRANE, P. J. The petitioner seeks authority of the Public Service Commission to acquire the capital stock of the Staten Island Edison Corporation organized as an electric light corporation under article 7 of the Transportation Corporations Law. Such authority is claimed to exist in a portion of section 70 of the Public Service Commission Law (as amd. by Laws of 1921, chap. 134) as follows: " No such corporation [gas, corporation or electrical corporation] shall directly or indirectly acquire the stock or bonds of any other corporation incorporated for, or engaged in, the same or a similar business, or proposing to operate or operating under a franchise from the same or any other municipality,  *  *  *  unless authorized so to do by the Commission." The Commission states its position in this proceeding as follows: " The sole question here is whether the New York-New Jersey Superpower Connecting Corporation is an ' electrical corporation ' within the meaning of that term as used in section 70 of the Public Service Commission Law."

The petitioner was incorporated in New Jersey December 15, 1924, with an authorized capital stock of $2,000. Its certificate of incorporation specifically gives it the right to conduct the business of an electrical corporation. Such certificate also confers on the petitioner powers of a most general and sweeping nature. Among the latter are the following: " To manufacture, purchase or other-

**580** Matter of N. Y.-N. J. S.-P. Con. Corp. *v.* P. S. Comm.

Third Department, March, 1926. [Vol. 215

wise acquire, own, mortgage, pledge, sell, assign and transfer, or otherwise dispose of, to invest, trade, deal in and deal with, goods, wares and merchandise and real and personal property of every class and description. * * * To enter into, make, perform and carry out contracts of every sort and kind with any person, firm, association, private corporation, public corporation, municipality or body politic." The certificate also expressly provides that the enumeration of specific powers therein " shall not be held to limit or restrict in any manner the powers of this corporation." It would seem, therefore, that there is scarcely any manufacturing or commercial business in which the petitioner may not engage. It may never function as an electrical corporation. It may engage in many activities entirely foreign thereto. Section 2, subdivision 13, of the Public Service Commission Law defines an " electrical corporation" as follows: " The term 'electrical corporation,' when used in this chapter, includes every corporation * * * owning, operating or managing any electric plant * * *." The petitioner does not own, operate or manage an electric plant and, therefore, does not fall within the foregoing definition. It has no property. It does not appear that it has engaged in any activity. Its present application to the Commission was verified December 27, 1924, twelve days after its incorporation. From such application it appeared that the petitioner had " not as yet undertaken any operation " and that there had been " no stock issued." At most the petitioner has the right in the future to become an electrical corporation. It is not such merely because its certificate of incorporation gives it that right in common with the right to engage in numerous other enterprises. It may adopt any one of the latter and ignore the former. We are at present dealing with the mere form of a corporation which may engage in any one of numerous occupations. The statute above quoted (Pub. Serv. Comm. Law, § 70), on which the petitioner relies, describes the corporation, the stock of which is sought to be acquired, as one " engaged in the same or a similar business * * * or operating under a franchise from the same or any other municipality " as the corporation seeking to acquire such stock. This seems to contemplate that the petitioning corporation shall be an electrical corporation actually engaged in business as such operating under a franchise from some municipality. The petitioner has failed to establish that it is an electrical corporation within the meaning of the Public Service Commission Law and the determination of the Commission, therefore, that it was without power to grant the application was correct.

It is suggested that the petitioner is a stock corporation other than

a gas or electrical corporation. There are provisions in said section 70 relating to the acquisition by such stock corporation of the stock of a gas or electrical corporation with the consent of the Commission, but such provisions clearly do not apply to this case nor does the petitioner so contend. Its sole contention is that it is an electrical corporation and as such within the portion of section 70 first above quoted.

The determination should be confirmed, with fifty dollars costs and disbursements.

Determination unanimously confirmed, with fifty dollars costs and disbursements.